IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES EDWARD MCCREARY, #06115                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO.  2:06cv262-KS-MTP

STATE OF MISSISSIPPI, et al.                                              DEFENDANTS

OPINION AND ORDER

On December 6, 2006, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. The plaintiff was granted in forma pauperis status by order [10] entered on January 8, 2007. The plaintiff filed an amended complaint [15] on February 8, 2007. In each of the orders entered by this court as well as the Notice of Assignment, the plaintiff was warned that he was responsible for notifying this court of a change of address. He was further warned that failure to advise this court of a change of address could result in the dismissal of this civil action.

Upon further review of the allegations asserted by the plaintiff in his complaint and amended complaint, this court determined that additional information was needed to complete the screening process. Therefore, an order [19] was entered on August 29, 2007, directing the plaintiff to provide additional information concerning his claims on or before September 12, 2007. The envelope containing the order [19] was returned by the postal service with a notation "Return to Sender - Unable to Forward" [20] and was filed in this court on September 6, 2007.

According to the docket entries, the last contact the plaintiff had with this court was on February 27, 2007, when he filed a motion for issuance of subpoena [17]. The plaintiff has failed to respond to the order [19] of August 29, 2007, as well as this court's previous orders directing him to advise this court of a change of address. It is apparent from the plaintiff's failure to

communicate with this court, specifically advising of his change of address, that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 26th day of September, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE
